UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TYNIESHA FORTUNE :
: No.
v. :
: **JURY TRIAL DEMANDED**
VECTOR SECURITY, INC. :

**CIVIL ACTION COMPLAINT**

COMES NOW, Plaintiff, by counsel, and complains of defendant as follows:

JURISDICTION

1. This matter has federal jurisdiction pursuant to the Family and Medical Leave Act of 1993 (hereinafter "FMLA"), 29 U.S.C. Section 2601, et seq. and 42 USC Section 1981 et seq. of the Civil Rights Act of 1866 as amended (hereinafter "Section 1981").

PARTIES

2. Plaintiff, Tyniesha Fortune, is an adult African American individual who resides at 31 Winter Court, Blue Bell, PA 19422.

3. Defendant, Vector Security, Inc., is a corporation with a place of business located at 5125 Campus Drive, Plymouth Meeting, PA 19462.

FACTS

4. On October 23, 2006, plaintiff commenced employment with defendant as a Service Coordinator.

5. The defendant was, at all times material hereto, an "employer" pursuant to the FMLA in that it employed 50 or more employees within a 75-mile radius of plaintiff's work location in Plymouth Meeting, PA.

6. During all times material to this matter, plaintiff was an eligible employee under the FMLA because she had been employed with defendant for more than one year and she worked at least 1250 hours in the 12 months prior to taking FMLA protected leave.

7. Plaintiff's supervisors included Tracy Hemmerle (Caucasian General Manager), Donna Stephens (Caucasian Human Resources) and Brenda Krzemien (Caucasian Supervisor).

8. On September 12, 2017, plaintiff applied for, intermittent FMLA leave to care for her father who was totally disabled due to chronic back pain.

9. A certification was completed by plaintiff's father's physician, whom is a healthcare provider under the FMLA.

10. The purpose of the plaintiff's requested intermittent leave was to allow her to take intermittent leave to assist her father with his activities of daily living and to transport him to doctor's appointments.

11. On or about September 18, 2017, defendant approved plaintiff's request for intermittent FMLA leave.

12. Shortly after defendant approved plaintiff's intermittent FMLA leave request, Ms. Krzemien told plaintiff that her intermittent FMLA leave was "not good for the department, because we are understaffed."

13. On or about October 6, 2017, Ms. Krzemien told plaintiff: "You need to be careful about how you are using FMLA, because you and your friend's jobs are not guaranteed here."

14. As Ms. Krzemien said "your friend", she gestured towards plaintiff's co-worker, Stephanie Simpson (IT), who was the only other African American in Ms. Krzemien's Department.

15. On or about October 6, 2017, plaintiff complained to Ms. Stephens that she believed Ms. Krzemien was targeting her for termination because of her use of FMLA and because of her race— African American.

16. At all times material hereto, plaintiff was entitled to take up to 12 work weeks of FMLA leave in that she had not taken 12 weeks of FMLA leave in the 12 months prior to September 25, 2017.

17. At all times material hereto, plaintiff provided notice to defendant of her need to take FMLA protected intermittent leave as soon as practicable.

18. At no time did plaintiff exceed her allotted 12 weeks of FMLA protected leave prior to her termination date.

19. On October 30, 2017, plaintiff came to work two hours late because she had to drop her father off at the doctor's office.

20. On October 31, 2017, defendant notified plaintiff that she was being terminated purportedly because she falsified her timesheet by putting down that she worked four (4) hours which she did not work.

21. Defendant's proffered reasons for terminating plaintiff's employment was false.

22. Plaintiff did not falsify anything, and her four hour error could have been easily corrected as similar errors had been corrected in the past.

23. The true reasons why plaintiff was terminated was because she took FMLA leave and made a good faith complaint of FMLA retaliation.

24. Defendant acted willfully and/or in bad faith in violating the FMLA.

25. Plaintiff suffered lost pay and other financial losses as a consequence of defendants' unlawful termination of his employment.

26. Plaintiff has engaged in great efforts to mitigate her damages by searching for new employment, but she has not been successful in her efforts to date.

27. Plaintiff is entitled to recover reasonable attorneys' fees and costs associated with the prosecution of this lawsuit.

28. Plaintiff is entitled to recover liquidated damages in the same amount of actual damages because defendant acted willfully and/or in bad faith in violation the FMLA.

## COUNT 1-FMLA

29. Plaintiff repeats paragraphs 1-28 as if more fully set forth herein.

30. Defendant and its agents, willfully and/or in bad faith, violated the FMLA by terminating plaintiff solely or in substantial part because she exercised her rights under the FMLA and took FMLA protected leave.

31. As a direct result of defendant's unlawful conduct as described herein above, plaintiff has suffered and will continue in the future to suffer actual damages in the form of lost pay, lost bonuses, lost benefits and other financial losses.

32. Plaintiff is entitled to liquidated damages in an amount, which is equal to actual damages because defendant willfully, and/or in bad faith, violated the FMLA.

33. Plaintiff is entitled to recover reasonable attorneys' fees and costs associated with the prosecution of this lawsuit.

34. Plaintiff is entitled to reinstatement of employment.

## COUNT 2-FMLA RETALIATION

35. Plaintiff repeats paragraphs 1-34 as if more fully set forth herein.

36. Defendant and its agents willfully violated the FMLA by retaliating against her for complaining to upper management of FMLA discrimination and retaliation.

37. As a direct result of defendant's unlawful conduct, plaintiff make the same claims for damages and remedies set forth herein above.

## COUNT 3- SECTION 1981-- RETALIATION

38. Plaintiff repeats paragraphs 1-37 as if more fully set forth herein.

39. By and through its conduct, defendant violated the Title VII, by intentionally retaliating against plaintiff by terminating her employment because she made a good faith complaint of discrimination based upon her race and color.

40. In addition to the damages set forth in paragraph 31 above, plaintiff also suffered compensatory damages for emotional pain and suffering.

41. Plaintiff is also entitled to recover punitive damages because of the malicious nature of this offense.

COUNT 4- SECTION 1981-- DISCRIMINATION

42. Plaintiff repeats paragraphs 1-41 as if more fully set forth herein.

43. By and through its conduct, defendant violated the Title VII, by intentionally discriminating against plaintiff by terminating her employment because of her race and color.

44. Plaintiff seeks damages as set forth in Count 3 above.

WHEREFORE, plaintiff demands that judgment be entered in his favor on Counts 1 and 2 against defendant for lost pay, lost bonuses, lost benefits, other financial losses, liquidated damages, attorneys' fees, costs, interest, reinstatement and any other relief that this Honorable Court deems to be fair and proper, and plaintiff demands that judgment be entered in his favor on Counts 3 and 4 against defendant for lost pay, lost bonuses, lost benefits, other financial losses, compensatory damages for emotional pain and suffering, punitive damages,

attorneys' fees, costs, interest, reinstatement and any other relief that this Honorable Court deems to be fair and proper.

                                                /s/ Samuel A. Dion
                                                Samuel A. Dion, Esq.
                                                Dion & Goldberger
                                                1845 Walnut Street, Suite 1199
                                                Philadelphia, PA 19103
                                                215-546-6033
                                                Fax: 215-546-6269
                                                Email: samueldion@aol.com
Date: November 14, 2017          Attorneys for Plaintiff